IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| **SHREE YOGI ONE, LLC** | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00008 |
| | ) |
| **ERIC INSURANCE COMPANY** | ) |

**To: The Honorable William L. Campbell, Jr., Chief United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully **RECOMMENDS** that Defendant Erie Insurance Company's motion to dismiss (Docket No. 24) be granted and this case be DISMISSED.

### Background

Only those underlying facts and circumstances necessary to explain or provide context for this report and recommendation are recited here. This case was filed on February 9, 2024. (Docket No. 1.) Initially, Plaintiff, which is an LLC, was represented by counsel. Following an initial case management conference on April 24, 2024, an Initial Case Management Order was entered on April 25, 2024 (Docket No. 13) that set a case management schedule with deadlines.

In October of 2024, Plaintiff's counsel moved to withdraw. (Docket No. 21.) The Court granted the requested withdrawal by order entered on October 9, 2024 (Docket No. 22), and cautioned Plaintiff that it cannot proceed in this matter without counsel. (*Id* at 1.)

Following withdrawal of counsel, the Court extended the case management deadlines to permit Plaintiff time to retain new counsel (Docket No. 23), but again expressly warned Plaintiff that its "failure to retain counsel as directed will result in dismissal or recommendation for

dismissal" without further notice or warning. (*Id*. at 2.) Plaintiff failed to retain counsel. In the absence of counsel, Plaintiff is also in default of the case management order and schedule. *See* Defendant's Status Report at Docket No. 25.

Upon Plaintiff's failure to secure counsel as required, Defendant filed the instant motion to dismiss this case. (Docket No. 24.)[1]

## Legal Standards and Analysis

It is well settled that a corporation cannot appear in federal court except through an attorney. *S.E.C. v Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) (citations omitted). *See also Rowland v California Men's Colony, Unit II men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better of two centuries … that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted). For purposes of proceeding in federal court there effectively "is no difference between a corporation and a limited liability company, or indeed between either and a partnership," and "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations, one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Harmer v. Colom*, No. 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. March 13, 2014) (quoting *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008)). Therefore, limited liability companies – such as Plaintiff here – "cannot appear except through counsel." *Id.* (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F3d. 114, 132 (2nd Cir. 2011)); *see also Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 39 n.3 (1st Cir. 2012) ("a limited liability company, as a matter of law, act *pro se*"); *Roscoe v. United States*, 134

---

[1] Because Plaintiff can only appear in this case through counsel, which it has failed to do, Plaintiff also failed to timely respond to the motion to dismiss, as required by Local Rule 7.01(a)(3).

Fed.App'x 226, 227 (10th Cir. 2005) (same); *Collier v. Greenbrier Develop., LLC*, 358 S.W.3d 195, 200 (Tenn. Ct. App. 2009 )("a limited liability company has an existence separate from its members and managers [and] may only appear in court through counsel") (internal citation omitted).

Rule 16(f) authorizes the Court to impose sanctions for the failure of a party or its attorney to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Among the sanctions authorized by Rule 16(f) is dismissal of the action in whole or in part. Fed. R. Civ. P. 16(f)(1) (incorporating Rule 37(b)(2)(A)(v) by express reference). Additionally, federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999); *Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).[2]

Courts generally consider four factors in determining whether dismissal under these circumstances, specifically dismissal with prejudice, is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150,

---

[2] Dismissals pursuant to Rule 41(b) may be directed by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

153-55 (6th Cir. 1988)). No single factor is dispositive, although the Sixth Circuit has held that a case is properly dismissed where there is a clear record of delay or contumacious conduct. *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980)). Courts are additionally required to consider their limited resources as part of the analysis. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.")

The Court finds that the first factor of willfulness, bad faith, or fault weighs in favor of dismissal. That Plaintiff has failed to do fulfill his responsibility to retain counsel so that this case can move forward, despite the Court's prior warnings, can only be construed as willful and in bad faith. This factor supports dismissal.

The prejudice to Defendant is obvious. Defendant cannot proceed with resolution of this action against it without Plaintiff's proper retention of counsel. This factor likewise weighs in favor of dismissal.

Plaintiff was given an opportunity to avoid dismissal by securing new counsel. This failure to observe uncomplicated litigation responsibilities and orders from the Court militates in favor of dismissal under the third and fourth factors. Because Plaintiff was given an opportunity to avoid dismissal and failed to do so, the Court cannot find that any less drastic remedy would produce a different result.

Additionally, dismissal is warranted by this Court's inherent authority to manage its own dockets without the expenditure of already limited judicial resources by repeatedly reminding the parties to attend to their cases.[3] Plaintiff has evidently abandoned this litigation. Neither Defendant

---

[3] Further, the Court's expenditure of additional resources on this case is unfair to all the other litigants who are willing to commit the necessary attention and resources to properly administer and prepare their cases. *See Ciccio v. Smiledirectclub, LLC*, No. 3:19-0845, 2021 WL 3291787, at *3 (M.D. Tenn. Aug. 2, 2021) ("The common admonition that parties should respect a

4

Case 1:24-cv-00008    Document 26    Filed 01/02/25    Page 4 of 5 PageID #: 235

nor the Court should be required to continue to expend resources on this case, given Plaintiff's clear record of delay and failure to comply with the Court's orders.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss (Docket No. 24) be **GRANTED** and this case be **DISMISSED** with prejudice under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure and the Court's inherent authority to manage its own dockets.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

court's time and resources is not, ultimately, about the court itself; it is about the court's obligation to *all* litigants … to administer justice fairly, promptly, and adequately.") (emphasis in original).